DAVID L. LANGHAIM, ESQ.
Nevada Bar No.: 12425
E-mail: dll@AnthemLawNV.com
JASON A. VANMEETREN, ESQ.
Nevada Bar No. 12511
E-mail: jvm@AnthemLawNV.com
ANTHEM LAW
5685 Cameron Street
Las Vegas, Nevada 89118
Telephone: (702) 595-4219
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELLETT MADDAUS, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>TRANS UNION LLC, a foreign corporation; EQUIFAX INFORMATION SERVICES LLC, a foreign limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; and JPMORGAN CHASE BANK, N.A., d/b/a "Chase", a foreign corporation.<br><br>                    Defendants. | CASE NO.: 2:14-cv-00155<br><br>**COMPLAINT** |

Plaintiff, Ellett Maddaus by and through counsel, and for her complaint against Trans Union LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., and JPMorgan Chase Bank, N.A. d/b/a "Chase", alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act).

**JURISDICTION**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b).

///

**PARTIES**

3. Plaintiff Ellett Maddaus (hereinafter "Plaintiff") is a natural person residing in the State of Nevada. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, Defendant Trans Union LLC (hereinafter "Trans Union") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

5. Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, Defendant Equifax Information Services LLC (hereinafter "Equifax") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

8. Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, Defendant Experian Information Solutions Inc., (hereinafter "Experian") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

11. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

12. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, Defendant JPMorgan Chase Bank, N.A. (hereinafter "Chase") is a foreign corporation conducting business in the State of Nevada.

14. Upon information and Belief, Chase is a furnisher of information as that term is defined in 15 U.S.C. § 1681, *et seq.*

15. Upon information and belief, Chase is a national bank, authorized to do business in the State of Nevada.

**FACTUAL ALLEGATIONS**

16. On August 12, 2010, Plaintiff's husband, Daniel Maddaus, passed away, after a motorcycle accident.

17. At the time of his passing, Daniel Maddaus had a credit card, in his name only, with Chase. The credit card had a balance of approximately $290.00 due by October 24, 2010.

18. On October 12, 2010, Plaintiff wrote a check to Chase in the amount of $20.00. On October 18, 2010, Plaintiff wrote a second check to Chase in the amount of $270.00.

19. Shortly thereafter Plaintiff contacted Chase to inquire as to the status of the account. Chase responded, via written correspondence, on October 26, 2010 acknowledging the two payments from Plaintiff, totaling $290.00. Chase however, represented Plaintiff's check for $270.00 had not yet posted.

20. By December 2010, Chase had still not resolved the issues with the account and were still showing a balance due and owing. Plaintiff again contacted Chase and expressed her concerns. Chase responded, via written correspondence on December 24, 2010, again acknowledging the payments by Plaintiff and informing Plaintiff a temporary credit to the account, in the amount of $270.00 in an effort to resolve their errors.

21. On December 27, 2010, Chase, via written correspondence informed Plaintiff the balance on the account was paid in full and the account was now closed.

22. On December 30, 2010, Chase again sent Plaintiff written correspondence. Chase now stated it needed additional information about the account in question to help with their "investigation." It was unclear to Plaintiff what Chase was supposedly "investigating."

23. Shortly thereafter, Plaintiff went to a local branch of her bank and requested proof of her payments to Chase. Plaintiff received the necessary proof and forwarded it to Chase for their "investigation", notwithstanding the contradictory correspondence Plaintiff previously received from Chase telling Plaintiff her account had been paid in full and was now closed.

1    24.    On January 20, 2011, Chase sent written correspondence to Plaintiff acknowledging they received the information Plaintiff sent establishing payments were made. Chase also stated they had "begun [their] research" into Plaintiff's concerns. Plaintiff grew increasingly frustrated.

25.    On January 21, 2011, Chase sent Plaintiff correspondence that included a check to Plaintiff, which was for an overpayment made by Plaintiff.

26.    On January 25, 2011, Chase sent Plaintiff correspondence which advised Plaintiff Chase's investigation into her account was now complete and that the relevant adjustments to the account would appear on a "forthcoming billing statement." The account clearly was not closed, as Chase had previously stated.

27.    On the next billing statement, Chase correctly reported a "$0.00" balance on the account in question. Plaintiff did not hear from Chase for the next several months and therefore assumed the issues with the Chase account were resolved.

28.    On June 6, 2011, Plaintiff received a phone call from non-party Advantage Collection Agency attempting to collect a debt associated with the Chase account at issue herein. Plaintiff faxed all documentation and correspondence from Chase to Advantage Collection Agency in order to put an end to the collection efforts on a debt that did not exist.

29.    In or around April 20, 2013, Plaintiff obtained a copy of her credit report. Plaintiff realized the Chase account was on her credit report and contained numerous inaccuracies, including:

    a.    Experian inaccurately reported the Chase account: (1) as "charged off"; (2) that Plaintiff was delinquent on the account, each month, for more than 2 years; and (3) that Plaintiff had a past due balance of $277.00.

    b.    Equifax inaccurately reported the Chase account as: (1) "Bad debt & placed for collection & skip"; (2) that Plaintiff was delinquent on the account, each month, for more than 2 years; and (3) that Plaintiff had a past due balance of $277.00.

    c.    Trans Union inaccurately reported the Chase account as "open".

30. Nothing should have been furnished to Plaintiff's credit report.

**Credit Report Disputes**

31. Upon information and belief, Chase reported the above-referenced inaccurate information on Plaintiff's credit report to Trans Union, Equifax and Experian.

32. Plaintiff disputed the accuracy of the information furnished by Chase to Experian in or around June 2013.

33. Plaintiff disputed accuracy of the information furnished by Chase to Trans Union in or around June 2013.

34. Plaintiff disputed the accuracy of the information furnished by Chase to Equifax in or around June 2013.

35. Concurrent with the dispute letters sent to the credit reporting agencies, Plaintiff also sent correspondence to Chase advising Chase of her disputing the information Chase had reported to the credit reporting agencies.

36. On June 21, 2013, Chase responded to Plaintiff's correspondence. In bold letters at the beginning of the correspondence to Plaintiff was the following declaration from Chase: "**We deleted this account from your credit report.**" The correspondence further explained that Chase had "asked Equifax, Experian, and Trans Union credit bureaus to remove the account information from your credit bureau report."

37. Trans Union, Experian and Equifax all failed to correct the inaccuracies in Plaintiff's credit report of which Plaintiff disputed. Trans Union, Experian and Equifax further failed to delete the account information from Plaintiff's credit report as had apparently been requested by Chase.

38. Upon Plaintiff disputing the inaccurate information, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify Chase's representations.

/ / /

/ / /

39. In the alternative to the allegation that Trans Union failed to contact Chase, it is alleged that Trans Union did forward some notice of the dispute to Chase and Chase failed to conduct a lawful investigation.

40. Upon Plaintiff disputing the inaccurate information, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify Chase's representations.

41. In the alternative to the allegation that Experian failed to contact Chase, it is alleged that Experian did forward some notice of the dispute to Chase and Chase failed to conduct a lawful investigation.

42. Upon Plaintiff disputing the inaccurate information, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify Chase's representations.

43. In the alternative to the allegation that Equifax failed to contact Chase, it is alleged that Equifax did forward some notice of the dispute to Chase and Chase failed to conduct a lawful investigation.

**FIRST CLAIM FOR RELIEF**

**(Violation of 15 U.S.C. § 1681e(b) against Trans Union)**

44. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

45. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

46. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

47. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

48. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

### SECOND CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681i against Trans Union)

49. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

50. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Chase; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

51. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

52. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

53. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

### THIRD CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681e(b) against Experian)

54. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

55. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

56. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

57. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

58. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

## FOURTH CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681i against Experian)

59. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

60. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Chase; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

61. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

62. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

63. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

## FIFTH CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681e(b) against Equifax)

64. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

65. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

66. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

67. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

68. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

## SIXTH CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681i against Equifax)

69. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

70. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Chase; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

71. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

72. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

73. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

## SEVENTH CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681s-2(b) against Chase)

74. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

75. Chase violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the false representation within Plaintiff's credit file with Trans Union and Equifax by failing to fully and properly investigate Plaintiff's dispute of Chase's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Trans Union and Equifax; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of their representations to the consumer reporting agencies.

76. As a result of this conduct, action and inaction of Chase, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

77. Chase's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

78. Plaintiff is entitled to recover costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

/ / /

/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
4. Costs and reasonable attorneys' fees;
5. A trial by jury; and
6. For such other and further relief as the Court may deem just and proper.

Dated this 28th day of January, 2014.

ANTHEM LAW

By: /s/ David L. Langhaim, Esq.
JASON A. VANMEETREN, ESQ.
Nevada Bar No. 12511
DAVID L. LANGHAIM, ESQ.
Nevada Bar No.: 12425
5685 Cameron Street
Las Vegas, Nevada  89118
Telephone:  (702) 595-4219
*Attorneys for Plaintiff*